IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WALTER RAY ALLEN, #204 161, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:17-CV-108-SRW |
| | ) | (WO) |
| WILCOT RAHMING, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff, a prison inmate, filed this complaint on February 23, 2017. On April 12, 2017, the court directed Defendant to file an answer and written report addressing Plaintiff's claims for relief. In compliance with the court's order, Defendant submitted an answer, written report, and supplemental written report which contained relevant evidentiary materials addressing the allegations in the complaint. Docs. 9, 12, 15. Upon review of these reports, the court issued an order directing Plaintiff to file a response to Defendant's written reports. Doc. 16. The order advised Plaintiff that his failure to respond to the reports would be treated by the court "as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." *Id*. at 1. The order "specifically cautioned [Plaintiff] that [his failure] to file a response in compliance with the directives of this order" would result in the dismissal of this civil action. *Id*.

The time allotted Plaintiff for filing a response in compliance with the court's May 9, 2017, order expired on May 30, 2017. As of the present date, Plaintiff has failed to file a response in opposition to Defendant's written report, as supplemented. The court, therefore, concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it concludes that dismissal is the proper course of action.

Plaintiff is an indigent individual. The imposition of monetary or other punitive sanctions against her would be ineffectual. Plaintiff's inaction in the face of Defendant's reports and evidentiary materials refuting the claims raised suggests that he does not seek to proceed with this case. It, therefore, appears that any additional effort by this court to secure his compliance would be unavailing. The court concludes that Plaintiff's abandonment of his claims, his failure to comply with the orders of this court, and his failure to prosecute this cause of action warrant dismissal of this case. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 F. App'x. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the foregoing reasons, this case will be dismissed without prejudice.

A final judgment will be entered separately.

Done, on this the 6th day of August, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge